BAY, Respondent, v. SULLIVAN et al., Appellants.

1. If a third person voluntarily convey a chattel to a trustee in trust for the separate use of the wife of another, it will be held free and clear of all claims of the creditors of the husband; to constitute the transaction fraudulent as against the creditors of the husband, the consideration must come from the husband.
2. Where the instructions given to the jury fully state the law applicable to the facts, the refusal of other instructions asked will not be error, although such instructions may be correct.

*Appeal from St. Louis Circuit Court.*

This was a suit for the value of a horse. The horse was sold by a constable under two executions, one in favor of Sullivan, the other in favor of Westcott, both of whom are parties defendant in this suit. The levy was made by order of both of the defendants. Upon claim being made by the plaintiff in this suit, separate bonds were given to the constable, who proceeded to make sale. At the trial the defendants separately moved that they might be separately examined as witnesses, each in behalf of his co-defendant. The court refused so to rule. The plaintiff read in evidence the certificate of record

of the bill of sale of said horse by Talbot to Bay. The remaining facts are sufficiently set forth in the opinion of the court.

*A. J. P. Garesché*, for appellants.

I. It was error to allow the reading of the certificate of record. It imparted no notice of sale. (15 Mo. 416.) The defendants should have been permitted to be sworn in each other's behalf. (Sess. Acts, 1857, p. 180; 9 How. Pr. R. 389; 10 id. 389; 19 Barb. 317.)

*Bay*, for respondent.

I. The court very properly refused to permit defendants to testify for each other. They were co-trespassers. The court did not err in giving or refusing instructions.

SCOTT, Judge, delivered the opinion of the court.

J. S. Talbot conveyed a horse to the plaintiff Bay in trust for the sole and separate use of Flora Byrne, the wife of Edmond Byrne. In the instrument of conveyance it is recited that the sale of the horse was in consideration of one hundred and thirty dollars paid by Flora Byrne and the sum of one dollar paid by the trustee Bay. The horse thus conveyed to Bay was levied on by the constable by the direction of the defendant Sullivan, who had an execution against Edmond Byrne, the husband of Flora Byrne. The horse was sold, and this suit was brought to recover in damages his value. There was a verdict for the plaintiff. The court instructed the jury to the effect that if the horse was purchased of Talbot with money of Dr. Byrne, and was conveyed by Talbot to Bay as trustee of Flora Byrne for the purpose of avoiding the creditors of Dr. Byrne, and that the constable levied on and sold the horse in favor of creditors of Dr. Byrne existing at the time of the purchase from Talbot, then there should be a verdict for the defendants.

As the only question in the case was whether the conveyance was fraudulent as being made to hinder and delay the

creditors of Byrne, we are of the opinion that the instruction given by the court fully stated the law on that subject. The defendant has no cause of complaint for the reason that his instruction in relation to the same matter was not given.

The second instruction asked by the defendants was that the bill of sale of itself was no evidence against them, either of the value of the horse, or of the person by whom the money was paid. The verdict of the jury shows that, in estimating the value of the horse, they were not governed by his price as fixed in the bill of sale. We would not therefore disturb the verdict on this ground. As to the bill of sale being no evidence that the wife paid the purchase money for the horse, it was not necessary, to give her the property in him, that she should have paid any thing. If Talbot had voluntarily conveyed the horse to her separate use, the creditors of the husband would have no right to subject him to their executions. The question was, whether the horse was paid for with the money of the husband.

The third instruction asked by the defendants was clearly erroneous. It maintains that if a wife, with the intent to secure her separate property from the debts of her husband, conveys it to a trustee, the transaction will be fraudulent.

We see no error in the second instruction given by the court. Judge Ewing concurring, the judgment will be affirmed. Judge Napton absent.