31 585
36a 469

JOHN GONSOLIS, Respondent, v. ISAAC GEARHART *et al.*, Appellants.

1. Intoxication so that a servant do not or can not properly perform his duties, or a habit of drinking that unfits him for the proper performance of his duties, is a good cause for the servant's discharge by his master.
2. Where the instructions given fully state the law applicable to the facts of the case, the refusal of other instructions asked will not be error although such instructions be correct. (Bay v. Sullivan, 30 Mo. 191, affirmed.)

*Appeal from St. Louis Court of Common Pleas.*

The facts and instructions appear in the opinion of the court.

*Drake,* for appellants.

I. If there was misconduct on the part of the servant sufficient to authorize a discharge, he was not entitled to wages. (Posey v. Garth, 7 Mo. 94.)

II. The instructions are inconsistent; and if so, the judgment must be reversed. (Schnerr v. Lemp, 17 Mo. 142; Wood v. Steamer Fleetwood, 19 Mo. 529.)

III. Moral misconduct on the part of a servant, even though the employer be not directly injured thereby, is held to justify the discharge of the servant. (Rose v. Brampton, Caldecott, 11; Atkins v. Acton, 4 Carr. & Payne, 208; Calle v. Brauncker, 4 Carr. & Payne, 518; Libhart v. Wood, 1 Watts. & Serg. 265.) And intoxication is such an act of moral misconduct. (Wise v. Wilson, 1 Car. & Kir. 662; Story on Cont. § 962.)

*Shreve & Boyse,* for respondent.

BAY, Judge, delivered the opinion of the court.

Plaintiff was employed by the captain of the steamer Southwester to act as a pilot on said boat for the period of six months, at a compensation of six hundred dollars per month. On the 28th of May, 1858, he was discharged and paid for his services up to that time. The suit was brought against the owners of the boat for discharging him before the expiration of the time for which he was engaged.

The defendants seek to justify the discharge upon the ground of alleged drunkenness of plaintiff on the boat, and while in the discharge of his duties as pilot, so that it became unsafe for him to pilot the boat. The evidence preserved in the record relates solely to the question of drunkenness.

Upon the trial, the defendants asked the court to instruct the jury as follows:

1. Although the jury may believe that defendants employed plaintiff for six months from the 10th day of March, 1858, and discharged him during that time; yet if they believe that while he acted as pilot under such employment, and while said boat was underway, he was at different times intoxicated with liquor, and thereby incapable to perform his duties as pilot without endangering the boat, its cargo, or passengers, and that he was intoxicated at the time he was so discharged, and was for that cause discharged, then the defendants are not liable therefor.

2. Although the jury may believe from the evidence that defendants employed or authorized the employment of plaintiff for six months as a pilot on said boat, yet if the jury believe that plaintiff so improperly conducted himself on said boat, and while in defendants' service under said employment, as that defendants had good cause to discharge him from their service, and that he was discharged for such good cause, and was paid for his services to the time of such discharge, then the plaintiff can not recover in this action.

3. If the jury believe from the evidence that while plaintiff was a pilot on the steamer Southwester, between the 10th day of March and the 24th day of May, 1858, and while the boat was underway, he was at different times intoxicated with liquor, and thereby unfit to perform his duties as a pilot without endangering the boat, its cargo, or passengers, then the defendants were not bound to retain him as a pilot on said boat.

4. If the jury believe from the evidence that plaintiff after the 24th day of May, 1858, offered his services on said boat as a pilot to the master of said boat; yet if the jury believe that he was at the time intoxicated with liquor, and thereby incapable to perform his duties as a pilot without greatly endangering the boat, or its cargo, or passengers, then the master of said boat had the right to refuse the services of

plaintiff; and if he did for that cause refuse his services, defendants are not liable therefor.

5. Unless the jury believe from the evidence that defendants employed or authorized or sanctioned the employment of plaintiff for them for six months, and also that they discharged plaintiff from their service without good cause during that term, they will find for the defendants.

The court gave the 1st instruction and refused the others, and upon its own motion instructed the jury as follows:

"If the jury believe from the evidence that the defendants were part owners of the steamer Southwester, and that the master of said boat employed the plaintiff as pilot therefor for six months, at six hundred dollars per month, and that such employment was authorized by defendants at the time, or was subsequently brought to their knowledge and not disaffirmed or disapproved by them, and they allowed plaintiff to serve as pilot without objection after they were notified of the contract made by the said master; and if the plaintiff offered to serve the residue of the time, and was discharged without good cause, as stated below, the jury will find for the plaintiff, and assess such damages as he has suffered by reason of his discharge.

"In assessing the damages, the jury will allow the plaintiff the contract price, deducting any wages he received or might have received for similar services during the residue of the time for which he contracted to serve the defendants; but it rests upon the defendants to show what wages he received or might have received during that time.

"As to the good cause spoken of above for which the defendants might have discharged the plaintiff, the court instructs the jury, that if the plaintiff, while in the service of defendants, became intoxicated so that he did not or could not discharge his duties as pilot skilfully and properly, or if he was in the habit of drinking to such an extent that he could not properly and skilfully discharge his said duties, then the defendants had the right to discharge him.

" If the jury find for the plaintiff, they may allow him interest from the commencement of this suit."

The only question presented by the record in this case is whether the court below erred in laying down the law as to the sufficiency of the cause alleged for the discharge of the respondent.

It is contended in the argument by appellants' counsel that the instruction given on the part of the defendants, and those given by the court on its own motion, are inconsistent, and were calculated to mislead the jury. After a careful examination of those instructions, we are unable to detect the supposed discrepancy. In the instruction given on the part of defendants, the jury are told that if they believed from the evidence that plaintiff, while under such employment, and while said boat was underway, was at different times intoxicated with liquor, and thereby incapable to perform his duties as pilot without endangering its cargo or passengers, and that he was intoxicated at the time he was so discharged, and was for that cause discharged, then the defendants are not liable therefor.

The instruction volunteered by the court directs the jury, that if the plaintiff, while in the service of defendants, became intoxicated so that he did not or could not discharge his duties as pilot skilfully and properly, or if he was in the habit of drinking to such an extent that he could not properly and skilfully discharge his said duties, then the defendants had the right to discharge him.

This instruction not only embodies the substance of the instruction given at the instance of defendants, but is more favorable to them, inasmuch as it presents two theories upon which the defendants could claim the right to discharge the plaintiff: 1st, if he became intoxicated so that he did not discharge his duties; 2d, if he was in the habit of drinking to such an extent that he could not discharge his duties skilfully, &c. Under the court's instruction, the defendants were relieved from the necessity of proving absolute drunkenness—proof of excessive drinking so as to disqualify him

38—VOL. XXXI.

from performing his duties in a skilful manner being alone sufficient.

The next ground of error assigned is the refusal of the court to give the instructions asked for by defendants. We find no principle of law contended for in the instructions so refused which are not substantially laid down in the instructions given by the court; and this court has repeatedly held, and in a very recent case (Bay v. Sullivan, 30 Mo. 191), that when the instructions given to the jury fully state the law applicable to the facts, the refusal of other instructions asked will not be error although such instructions may be correct.

In this case we think the court properly laid down the law and the issue was fairly presented to the jury.

The other judges concurring, the judgment is affirmed.