CHAS. W. CARSON, Respondent, v. THE McCORMICK HARVESTING MACHINE COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Master and Servant :** CONDUCT JUSTIFYING DISCHARGE : QUESTION OF LAW AND FACTS. The question as to whether a certain state of facts amounts to a legal justification for the discharge of a servant is a question of law for the court, and where the facts are admitted, it is the duty of the court to direct the jury whether or not, upon such facts, the servant was properly or improperly discharged. But when there is any dispute about the facts, or their effect, the question is for the jury under proper instructions.

2. ——— : ——— : ENGAGING IN OTHER BUSINESS AND INTOXICATION AS A JUSTIFICATION. If a servant so conducts himself, by engaging in business of his own, or by becoming intoxicated, as to neglect or abuse his master's service, which he had engaged to foster and protect, then the discharge of such servant is justifiable.

3. **Practice :** SUBMITTING LEGAL QUESTION TO JURY HARMLESS, WHEN. The submission of a legal question to the jury will operate no harm, if elsewhere in other instructions a full explanation of such question is made by the court.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

Statement of the case.

The plaintiff brought this suit in the circuit court of Buchanan county, on the fifteenth day of March, 1886, to recover of the defendant the sum of three hundred and seventy-five dollars. The defendant, at the time mentioned in the plaintiff's petition, was engaged in the sale of farm implements and machinery in the city of St. Joseph, Missouri.

The plaintiff charges in his petition that on the fifth day of January, 1885, the defendant employed him to work for it as its city and traveling salesman from said date up to the first day of January, 1886, and was to pay said plaintiff for said work, monthly, at the rate of nine hundred dollars per annum. That pursuant to said contract the plaintiff entered upon the discharge of his said duties, and served said defendant as such salesman from the date of said contract, January 5, 1885, until the first day of August of said year. That on the day last aforesaid the defendant, without any just cause or excuse, discharged the plaintiff. That the plaintiff endeavored, but was unable to obtain work elsewhere. That he held himself ready to serve the defendant the balance of the year, which it refused to allow him to do, and that in consequence of the premises the plaintiff was damaged in the sum aforesaid. The defendant answered, admitting the employment of the plaintiff for a part of the year 1885, but alleged that the plaintiff was employed on the express condition that while in the defendant's employ he would not engage in any other business.

That the plaintiff did enter into business enterprises for himself, and, in consequence thereof, neglected defendant's business and failed and refused to give his time and attention thereto, thereby abandoning his said contract. That the defendant was to pay the plaintiff's expenses while engaged in defendant's business, but that he had charged the defendant, and caused it to pay various small sums aggregating the sum of ten dollars, that was not expended for the benefit of defendant, and asked judgment for the amount.

Plaintiff in addition to a general denial of other matters replied that he spent one half-day at the asylum, not connected with the defendant's business, and that he was absent on a trip to Jefferson City, from the evening of March 19 to the evening of March 21,

1886, on business not connected with that of defendant, but that it was with the consent of defendant, and in defense of the charge of using money in other ways than as legitimate expenses, evidence was given tending to prove that such expenditures were with the consent of the defendant. In addition to the issues thus made by the pleadings, a further charge was made in defendant's evidence, and contradicted by plaintiff's testimony, of habits of intemperate drinking by plaintiff, and upon this issue, too, both parties submitted instructions.

At the trial before the court and jury a verdict and judgment was rendered for the plaintiff for the full amount sued for, whereupon, after an unsuccessful motion for a new trial, defendant appealed to this court.

*James W. Boyd* and *T. W. Harl*, for the appellant.

(1) Said court erred in refusing to give instruction number 1, asked by appellant, directing the jury to find for appellant. Said instruction should have been given for the following reasons : (*a*) Respondent, in his testimony, admits that during the time he was employed by appellant he engaged in business for himself. (*b*) He admits in his reply and testimony that he spent some days in and about his own business in endeavoring to secure for himself the office of coal-oil inspector. (*c*) He admits that while in appellant's employment and receiving pay for his services, he was attending games of base ball. *Ford v. Danks*, 10 La. Ann. 119. (*d*) Admits that he drank intoxicating liquors daily, taking as many as about ten drinks per day. *Johnson v. Gorman*, 30 Ga. 612 ; Wood, Master and Servant, secs. 83 and 116. (2) The court erred in giving instruction number 1 asked by the respondent. The latter part of this instruction leaves the law to be determined by the jury. What "his duties were, under said contract," is a question of law. The law defines his duties, and charges him with certain duties which are not mentioned in his

contract. It is for the court to say what his duties were under said contract. Wood on Master and Servant, secs. 83, 109, 111, 116, 118, 119; *Tozer v. Hutchinson*, 1 Hannay (N. B.) 54. This case is set out in foot note three, at page 225, section 116 of Wood on Master and Servant. *Hudson v. Railroad*, 53 Mo. 525, as to submission of law questions to jury. This instruction is not the law, is difficult to understand, misleading to a jury, and one part of it is not consistent with another part thereof. Wood on M. & S., sec. 83; *Tozer v. Hutchinson, supra.* (3) Instruction number 2, given on motion of respondent, is erroneous. What are we to understand? What did the jury understand by the language, "That any witness has wilfully sworn falsely about any material facts." The instruction, as usually given (that is by leaving out the words "or about") is barely tolerable; as given in this case, it is absolutely erroneous. *Paulette v. Brown*, 40 Mo. 52; *Bank v. Murdock*, 62 Mo. 70; *State v. Elkins*, 63 Mo. 159; *Brown v. Railroad*, 66 Mo. 589; *Shenuit v. Bueggestradt*, 8 Mo. App. 46; *State v. Palmer*, 88 Mo. 568-572. Instruction number 5, given on the part of respondent, is erroneous. The rights of appellant, under the law— its legal rights in this case, were all bundled up together in the words "wrongfully discharged," and handed over to the jury for its decision and adjudication. Jurors are triers of facts, not law. *Albert v. Besel*, 88 Mo. 150; *Morgan v. Durfee*, 69 Mo. 469; *Jordon v. City of Hannibal*, 87 Mo. 673; *Railroad v. Cleary*, 77 Mo. 634-638; *Turner v. Railroad*, 76 Mo. 261-263; 6 Mo. 267-273; *Hickey v. Ryan*, 15 Mo. 63-67; *Speak v. Dry Goods Co.*, 22 Mo. App. 122.

*Green & Burnes* and *Huston & Parrish*, for the respondent.

(1) The errors assigned in appellant's brief in the refusal of court to give instruction number one, offered by it, are not predicated upon the facts in the case.

The appellant assumes the existence of the facts stated in its objections, when the evidence shows that they were controverted—whatever was done by the plaintiff, in the direction mentioned, was done with the knowledge and consent of the defendant. When there is any evidence tending to prove the issues, it is error for the court to take the case from the jury. *Baum v. Fryrier*, 85 Mo. 151 ; *Noeninger v. Vogt*, 88 Mo. 589. (2) The fifth, sixth, seventh and eighth objections assigned to said instruction are not well taken. (*a*) These issues were not raised by the pleadings. (*b*) These questions were left to the jury, by instructions for both parties, on the evidence in the case. (*c*) The defendant did not pretend, at the time of plaintiff's discharge, or at the time of the trial, that the plaintiff was discharged on account of any or either of the errors assigned, nor is there an item of testimony to that effect ; nor that the business of the defendant was neglected by the plaintiff in consequence of anything in said objections mentioned. The evidence shows that the plaintiff was to be paid monthly, and that he was so paid on the first of every month, and at the time of his discharge the defendant only owed him seventy-five dollars. This shows that the matters set up as a defense were not the cause of plaintiff's discharge, but were a mere subterfuge. If the defendant accepted the plaintiff's work and paid him for it without objection as to his conduct, or failure to perform his duty, or the manner in which it was performed, it can not afterwards complain. *Armstrong v. School District*, 19 Mo. App. 462. (3) The eighth objection is not the law, and the case cited does not sustain the defendant's contention, and if it did, it is mere *obiter*, and not in harmony with decisions of the supreme court on this point. If the defendant refused to permit the plaintiff to perform his contract, then such refusal was equivalent to a performance, for the purpose of his bringing a suit upon it, and the measure

of plaintiff's damage is, *prima facie*, the contract price, and the burden of reducing the damage was upon the defendant, and as it offered no evidence on this point, the action of the court in giving and refusing instructions thereon is not subject to review by this court. *Pond v. Wyman*, 15 Mo. 175–81–83 ; *Nearns v. Harbert*, 25 Mo. 353 ; *Steinbury v. Gerbheardt*, 41 Mo. 519 ; *Howard v. Dailey*, 61 N. Y. 368 ; Wood, Mas. & Ser., 238–243. (4) The instructions given for the plaintiff are proper and are not subject to the objection urged by appellant—when taken together they presented the law of the case fairly to the jury. (5) All the facts in the case were fairly submitted to the jury. The duties of the plaintiff were clearly defined, and he was required to devote all the time and attention that were reasonably necessary to the discharge of them. The defendant's instructions required only the same service—" that under the law the plaintiff agreed to be sober, industrious, attentive to business, * * * and to follow the reasonable instructions of defendant," etc. The case was tried on the same theory by both parties, and the instructions given on behalf of the defendant submitted the issues on the same theory as that submitted by the plaintiff's instructions. The appellant therefore has no just cause of complaint. *Hazle v. Bank*, 95 Mo. 60 ; *Keen v. Schnedler*, 92 Mo. 516 ; *Thorp v. Railroad*, 89 Mo. 650 ; *Riley v. Railroad*, 94 Mo. 600. (6) The word reasonable, as used in the instructions, is unobjectionable. The defendant was only required to render a reasonable service—not an unreasonable one—and what was reasonable was a question for the jury to determine under all the facts and circumstances in proof. The word reasonable is not a technical term, but has a very comprehensible and well defined meaning—is as well understood as any set of words that could be employed to explain it. The meaning of words in common use, etc., need not be

explained to the jury. *Hollan v. McCarty*, 24 Mo. App. 113; *Muelhausen v. Railroad*, 91 Mo. 332-45, and authorities there cited; *Meredith v. Wilkinson*, 31 Mo. App. 1-10-11, point 5; *Scaling v. Car Co.*, 24 Mo. App. 29; *Young v. Crawford*, 23 Mo. App. 432. (7) The instructions all taken together presented the case fairly to the jury, and the court committed no error in giving them. *Riley v. Railroad*, 94 Mo. 600; *Jones v. B. & M. Co.*, 28 Mo. App. 28; *State ex rel. v. True*, 20 Mo. App. 176; *Brown v. Ins. Co.*, 68 Mo. 133; *Parton v. McAdou*, 68 Mo. 327; *Karl v. B. & M. Co.*, 55 Mo. 476; *Noble v. Blount*, 77 Mo. 235-239; *Moore v. B. & M. Co.*, 73 Mo. 438.

GILL, J.—Assuming the fact to be, as the jury found it, that the defendant employed the plaintiff as a salesman for the definite period beginning January 5, 1885, and ending January 1, 1886, then the defendant could not rightly discharge plaintiff from that employment, on August 1, 1885, unless plaintiff was unfaithful in the discharge of his duties or guilty of some misconduct.

Beyond these reasons for discharge which may involve moral turpitude, wilful disobedience or habitual neglect, it is rather difficult to lay down any rule, or rules, by which to determine the charge of misconduct, or such as will warrant the dismissal of the servant. In many cases as to whether the conduct of the servant is such as to justify his discharge from service, it is made to depend largely upon its effect upon the master's business.

Mr. Wood, in his work on "Master and Servant" (section 116) announces the rule that "the question as to whether a certain state of facts amounts to a legal justification for the discharge of a servant is a question of law for the court, and where the facts are admitted, it is the duty of the court to direct the jury whether or

not, upon such facts, the servant was properly or improperly discharged." *"But,"* he says, *"when there is any dispute about the facts, or their effect,* the question is for the jury, under proper instructions from the court," etc.

So then, in view of these suggestions, I take it that it would not have been proper, in this case, for the trial court to have told the jury, that, because the plaintiff, while in the employ of defendant, may have hired his team to haul sand to the asylum, that this of itself gave no just cause for his discharge.

But if in attending to such a matter, outside of his business engagement with defendant, he neglected the business of the latter, then it would serve as a legal justification for his removal. So too the same may be said as to the charge of plaintiff's intoxication at different times during his engagement with defendant. The court would not be justified in telling the jury that if plaintiff became intoxicated during his employment by defendant, he thereby gave cause for his discharge.

But if his intoxication was at such times, or so frequent, as to impair his efficiency and thereby defendant's interests suffered, or on account thereof the plaintiff neglected his duties, then it would amount to a legal justification. All these matters are properly left to the jury, and they should be instructed by the court that if the servant so conducted himself, by engaging in business of his own, or by becoming intoxicated as to neglect or abuse the master's service, which the servant had engaged to foster and protect, then the discharge of such servant is justifiable. *Gonsolis v. Gearhart,* 31 Mo. 585; Wood on Master and Servant, sec. 111.

We think the court very properly then refused to sustain defendant's demurrer to the evidence. There was ample evidence to go to the jury on these charges of misconduct, and which tended to prove plaintiff's fidelity to his engagement.

As to the court's action in giving and refusing instructions, generally, we see no just ground for defendant's complaint.

They are, as a whole, quite favorable to the defendant, and presented fairly every just defense to which it was entitled. While in plaintiff's instruction number 1, the jury was left to find as to what were plaintiff's "duties under said contract," yet the court in other portions of the charge, particularly in defendant's instruction number 8, fully explained to the jury as to what composed plaintiff's duties. This submission then of a legal question will operate no harm if elsewhere, in other instructions, a full explanation is made by the court. *Hudson v. Railroad*, 53 Mo. 525.

The other points made in defendant's brief, all relating to criticism of instructions, are not of sufficient merit to deserve any further notice.

We detect no reversible error in this record, and therefore affirm the judgment of the circuit court. The other judges concur.